Joseph M. Conroy, J.
In this action the plaintiff seeks a judgment as follows: (1) setting aside and vacating a certain judgment obtained by the defendant Herman against the defendant Blue Eibbon Pleating and Stitching Corp., the execution thereon and the Sheriff’s sale; (2) declaring fraudulent and null and void all conveyances of the assets and property of Blue Ribbon Pleating and Stitching Corp. to the defendant Max Herman; (3) declaring a constructive trust on all conveyances from Blue Ribbon Pleating and Stitching Corp. or its debtors to the defendant Max Herman, as trustee ex maleficio; (4) a judgment appointing a receiver to regulate and control the business of Blue Ribbon or its fraudulent successors; and (5) a judgment in the sum of $3,661.67 against the defendants Max Herman and Joseph Reinstein.
After trial, 1 find as follows: That on April 7,1961, a judgment was duly granted in the Supreme Court, Queens County, in an action wherein Irving Hazzan, the plaintiff above named, was plaintiff and Blue Ribbon Pleating and Stitching Corp., one of the defendants above named, was the defendant in favor of the plaintiff Hazzan and against Blue Ribbon Pleating and Stitching Corp. for the sum of $3,661.67; that the judgment roll was duly filed in the office of the Clerk of the County of Queens on April 7, 1961; that a transcript of said judgment was duly filed in the office of the Clerk of the County of New York on April 19,1961; that an execution of the said judgment was duly issued against the defendant Blue Ribbon’s personal property on April 25, 1961, and delivered to the Sheriff of the County of New York, the county in which the defendant Blue Ribbon conducted its business; that said execution was duly returned wholly unsatisfied and that the judgment remains unpaid; that the claim and cause of action upon which the said judgment was recovered accrued and the said defendant Blue Ribbon became liable therefor to the plaintiff Hazzan on October 22, 1959; that at the time said cause of action accrued the defendant Blue Ribbon was a domestic corporation organized and existing under the laws of the State of New York; that the defendant Joseph Reinstein was its president and the defendant Max Herman was associated with said corporation and shared in the net profits of said corporation to the extent of 50%; that on or about *834 December 20, 1960, and after the accrual of the cause of action the defendant Max Herman commenced an action in the Supreme Court, New York County, wherein he alleged that the defendant Blue Ribbon was indebted to him in the sum of $7,650; that said allegation was based upon an oral contract whereby he was to receive 50% of the corporation’s net profits for the period beginning April 1,1959, through November 1, 1960, and that after an alleged accounting on November 1, 1961, it was agreed that he was entitled to $7,650; that the defendant Blue Ribbon did not answer the complaint in the action by Max Herman against it and a default judgment was entered in favor of Max Herman and against Blue Ribbon Pleating and Stitching Corp. in the sum of $7,650 together with costs and interest; that on March 15,1961, the action of Irving Hazzan against the defendant Blue Ribbon Pleating and Stitching Corp. was commenced in Trial Term, Part IX of the Supreme Court, Queens County, and terminated by a verdict in favor of the plaintiff Irving Hazzan on March 20, 1961; that on March 20, 1961, Mr. Justice Harold Tessler, presiding at said trial, at the request of the defendant granted a 15-day stay of execution; that on March 24, 1961, while the stay was in effect, said Max Herman filed an execution based on the default judgment with the Sheriff of New York County; that on April 3, 1961, in satisfaction of said execution, a Sheriff’s sale was conducted of the assets of the defendant Blue Ribbon Pleating and Stitching Corp. for the credit of $1,000 against Herman’s judgment; that in further satisfaction of the default judgment the defendant Herman procured a judicial order directing the payment to him of the sum of $1,480.18 held by the Manufacturer’s Trust Co., the sum of $107.80 held by Marj Talbott; that the action by the defendant Max Herman against the defendant Blue Ribbon Pleating and Stitching Corp. and the default judgment, the execution and Sheriff’s sale had thereafter were wholly collusive and fraudulent and an endeavor to deprive plaintiff of satisfying his judgment; that the defendant Herman had a direct proprietary interest in the defendant Blue Ribbon Pleating and Stitching Corp. and did with an intent to defraud and hinder the plaintiff from satisfying his judgment initiate the before-mentioned judicial proceedings so as to effect a fraudulent conveyance of the assets and property of the Blue Ribbon Pleating and Stitching Corp.; that the aforesaid judicial proceedings and conveyances made to Max Herman were with the knowledge and consent of the defendant Joseph Reinstein and did constitute an unlawful preference in violation of section 15 of the Stock Corporation Law of the State of New York; that the defendants *835 Herman and Reinstein did not personally appear on the trial of the within action; that the plaintiff is entitled to a judgment vacating and setting aside the judgment obtained by Max Herman against Blue Ribbon Pleating and Stitching Corp., the execution issued thereunder and the Sheriff’s sale; declaring fraudulent and null and void all conveyances of the assets and property of Blue Ribbon Pleating and Stitching Corp. to defendant Max Herman; declaring a constructive trust on all conveyances received from Blue Ribbon Pleating and Stitching Corp. or its debtors to the defendant Max Herman, as trustee ex maleficio ; a judgment in the sum of $3,661.67 against the defendants Max Herman and Joseph Reinstein, with interest from March 20,1961, together with the costs and disbursements of the action. Let judgment be entered accordingly.